FLORIDA KEY DEER, et al., Plaintiffs,

v.

Michael D. BROWN, et al., Defendants.

No. 90–10037–CIV–MOORE.

United States District Court,
S.D. Florida.

Nov. 22, 2005.

John F. Kostsyack, Esq., National Wildlife Federation, Washington, D.C., David White, Esq., Gainesville, Henry Lee Morgenstern, Esq., Summerland Key, for Plaintiff.

Mark Brown, Esq., Environment and Natural Resources Division, Washington, D.C., Norman O. Hemming, III, Esq., Assistant United States Attorney, Miami, for Defendant.

## ORDER

MOORE, District Judge.

THIS CAUSE came before the Court upon Monroe County's Motion to Intervene for Purposes of Appeal and/or to Participate in Further Proceedings in the District Court and Memorandum of Law in Support (the "Motion") (DE # 239).

UPON CONSIDERATION of the Motion, the Response, and the pertinent portions of the record, the Court enters the following Order.

### I. Background

In its September 9, 2005 Order granting Plaintiffs' Motion for a Permanent Injunction (DE # 237), this Court engaged in an extensive review of the procedural and factual history of this case, and therefore finds it unnecessary to do so here.

Between six weeks and nine weeks following the September 9, 2005 Order, numerous prospective intervenors filed twenty-one motions to intervene on behalf of various, mostly commercial, interests. This Court denied all of these motions to intervene except the one at issue here, stating that "[i]n none of the motions [to intervene], however, is there any discussion as to why more than one prospective intervenor's motion should be granted. As such, this Court will carefully consider the first motion to intervene that was filed (DE # 239) in a subsequent order and determine whether it meets the Rule 24 standard. However, because no rationale has been suggested as to why this Court should entertain any more than one of these motions to intervene (i.e., how any of the Movants' interests in the outcome of this lawsuit is measurably different from that of the first intervenor—Monroe County), only

Monroe County's Motion will be considered." November 18, 2005 Order. This Order now addresses Monroe County's Motion to Intervene.

### II. Standard on a Motion to Intervene

Monroe County moves to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2). According to Rule 24, "[u]pon timely application," an applicant "shall be permitted to intervene in an action," as a matter of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2). This court has interpreted this rule to require a party seeking intervention of right to demonstrate that: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Stone v. First Union Corp.*, 371 F.3d 1305, 1308 (11th Cir. 2004) (citing *Worlds v. Dept. of Health and Rehabilitative Servs.*, 929 F.2d 591, 593 (11th Cir.1991)).

■ The burden is on Monroe County to show that all four of the requirements of Rule 24 are met here. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir.1989); *see also United States v. City of Miami*, 278 F.3d 1174, 1178 (11th Cir.2002) (same). As the Plaintiffs argue that Monroe County's Motion fails with respect to only the first and fourth prongs—that is, the motions are not timely and Monroe County's interests are adequately represented by the Defendants in this matter—only those two prongs will be addressed in this Order. *See* Response of Plaintiffs in Opposition to the Motions to

Intervene of Monroe County and Various Commercial Interests ("Pl.Opp."), at 5.

## III. Discussion

### A. Monroe County's Motion to Intervene is Untimely

 Whether an application to intervene is considered "timely" is a determination to be made within the sound discretion of the district court. *See NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). Furthermore, "[t]imeliness is to be determined from all the circumstances." *Id.* These circumstances include (1) "the length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;" (2) prejudice to all existing parties as well as the potential intervenor; and (3) any "unusual circumstances militating either for or against a determination that the application is timely." *Meek v. Metropolitan Dade County, Florida*, 985 F.2d 1471, 1478–79 (11th Cir.1993) (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263–66 (5th Cir. 1977)). "The timeliness requirement of Rule 24 is of great importance." *FTC v. Jordan Ashley, Inc.*, 1995 WL 792076, *2 (S.D.Fla. June 15, 1995). Indeed, "timeliness stands as a sentinel at the gates whenever intervention is requested and opposed." *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230 (1st Cir.1992).

 Monroe County contends that its motion is timely filed because it "was never served by Plaintiffs or by the Federal Defendants with the Complaint or with the Plaintiffs' Motion for Permanent Injunction," and thus Monroe County never received actual notice of the dispute over Plaintiffs' claim for injunctive relief. *See* Monroe County's Motion to Intervene for Purposes of Appeal and/or to Participate in Further Proceedings in the District Court and Memorandum of Law in Support ("Motion"), at 10; *see also* Affidavit of Timothy McGarry in Support of Monroe County's Motion to Intervene (DE # 299), ¶ 5; Monroe County's Reply to Plaintiffs' Response in Opposition to Monroe County's Motion to Intervene ("Reply"), at 5.

The Plaintiffs counter that this case has been litigated for in excess of fifteen years, and Monroe County should "reasonably have known" of any interests in this case long ago. Pl. Opp. at 1, 7. After considering all of the circumstances surrounding this Motion, the Court agrees with the Plaintiffs that intervention is inappropriate at this juncture.

### 1. The Length of Time

This action has been pending for fifteen years. This Court is mindful of case law that makes plain that "absolute measures of timeliness" are not dispositive. *Stallworth*, 558 F.2d at 266. Yet, neither is the length of time irrelevant. *See NAACP*, 413 U.S. at 365–66, 93 S.Ct. 2591. Monroe County argues that it was "not aware, and had no reason to be aware, that Plaintiffs were seeking or would be seek the extraordinary remedy of an injunction against FEMA to prohibit the issuance of flood insurance...." Reply at 4–5. A reading of Plaintiffs' Complaint, however, reveals that the remedy finally afforded by this Court's September 9, 2005 Order (DE # 237) was contemplated from day one. *See also* Compl. ¶ 52 (requesting that the Court "declare unlawful and enjoin any further issuance of flood insurance policies ...."). Seven years later, in their First Amended Complaint, Plaintiff requested a "permanent injunction barring the issuance of flood insurance ...." First Amended Compl., Prayer for Relief, ¶ 1. The Second Amended Complaint contained an identical request. Second Amended Compl., Prayer for Relief, ¶ A (requesting that the Court "grant a permanent injunction barring FEMA from continuing to issue flood insurance ..."). The Plaintiffs finally moved for a permanent injunction in April 2005, which was granted in September 2005.

 It is undisputed that Monroe County was aware of this litigation. *See* Reply at 4 ("There is no dispute that employees of Monroe County were aware of the litigation between Plaintiffs and FEMA"). There have been multiple newspaper articles regarding this lawsuit over the past decade and a half. *See* Pl. Opp. at 8–9. In *NAACP v. New York*, the Supreme Court held that "[t]he court could reasonably have concluded that

appellants knew or should have known of the pendency of the [action] because of an informative February article in the New York Times discussing the controversial aspect of the suit" and "public comment by community leaders." 413 U.S. at 366, 93 S.Ct. 2591. Additionally, and perhaps most tellingly, this Court granted leave for the National Association of Homebuilders ("NAHB"), whose interests are perfectly aligned with Monroe County's here, to file an amicus brief for consideration over six months ago. Yet still all of the prospective intervenors, including Monroe County, were silent. Finally, this Court notes that post-judgment motions to intervene are disfavored and "looked upon with a jaundiced eye" because of their "strong tendency to prejudice existing parties to the litigation or to interfere substantially with the orderly process of the court." *United States v. U.S. Steel Corp.,* 548 F.2d 1232, 1235 (11th Cir.1977).

### 2. Prejudice to the Parties

Monroe County argues that it would be "greatly prejudiced" because "the absence of available flood insurance would all but halt construction of affordable housing." Reply at 7. Furthermore, Monroe County claims that it would be prejudiced because "the scope of the Injunction is unclear," especially as it relates to post-Hurricane Wilma reconstruction efforts. Motion at 15; Reply at 8–9. The Plaintiff, according to Monroe County, will not be prejudiced by the intervention because it is only intervening for purposes of future proceedings in the District Court and for purposes of appeal, and in any event, Plaintiffs "fail to specify how Monroe County's direct participation in future proceedings would cause any prejudice to them whatsoever." *Id.* at 6–7.

This Court believes that any harm to Monroe County in not permitting them to intervene is minimal. First, the Court reiterates that the burden is on Monroe County to show that all four of the requirements of Rule 24 are met. *See Chiles,* 865 F.2d at 1213; *see also City of Miami,* 278 F.3d at 1178 (same). With respect to post-Hurricane Wilma reconstruction efforts, the parties to this action have already agreed to a stipulation allowing such reconstruction, and have welcomed Monroe County's participation in these discussions. Pl. Opp. at 11. Furthermore, NAHB filed an amicus brief in opposition to Plaintiffs' request for an injunction, which was considered by this Court in its September 9, 2005 Order. Monroe County has not contested the sufficiency of this brief in representing their interests. If Monroe County wishes to file an amicus brief for consideration before the Eleventh Circuit Court of Appeals, it may seek leave to do so pursuant to Federal Rule of Appellate Procedure 29.

Plaintiffs contend that they have already "exhaustively" briefed the merits of the case, and it would be "unfair and prejudicial" to require them to invest more resources. Pl. Opp. at 10. The Court agrees that at this extremely belated stage of the litigation, it would be highly prejudicial to the Plaintiffs to allow additional parties, whose interests are very closely aligned with the Defendants and whose interests are perfectly aligned with NAHB (who already presented its argument to this Court), to intervene and have what amounts to a "second bite at the apple," at least with respect to the proceedings before this Court.

### 3. Unusual Circumstances

Finally, the Court believes that any "unusual circumstances" would cut against Monroe County, due to the high-publicized nature of this case, as well as the length of time it has been litigated.

### B. Monroe County's Interests are Adequately Represented by the Federal Defendants

■ Although it is unnecessary for this Court to consider the adequacy of the Defendants' representation of Monroe County's interests due to its finding that the intervention is untimely, the Court also finds that the interests of Monroe County are being adequately represented by the Defendants. It is undisputed that both Monroe County and the Defendants seek the same result—the removal of the injunction. Indeed, the Defendants have vociferously opposed the issuance of the injunction and have already indicated their intent to appeal the September 9,

2005 Order. Nonetheless, in conclusory fashion, and without any edification, Monroe County states that its interest in this action is more "narrow and parochial" than the Defendants' interest. Motion at 14. The Plaintiffs disagree, and posit that the Federal Defendants adequately represent the interests of the Movants, as their ultimate objectives are the same and their arguments seeking to remove the injunction are identical. Pl. Opp. at 13. The Court of Appeals has determined that "[w]e presume that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention." *United States v. State of Georgia,* 19 F.3d 1388, 1394 (11th Cir.1994). Monroe County has failed to overcome this presumption.

Furthermore, NAHB, which purports to represent "over 220,000 builder and associate movers throughout the United States" and "over 800 state and local home building associations," advances arguments very similar to those put forth by the Defendants. Amicus Curie Brief of the National Association of Home Builders in Opposition to Plaintiffs' Motion for a Preliminary Injunction (DE # 231), at 1. One of the primary arguments advocated in Defendants' Motion in Opposition to Plaintiffs' Motion for a Preliminary Injunction and Other Relief was that enjoining the Defendants would result "in undue personal hardships and economic distress for property owners in Monroe County, Florida." Defendants' Motion in Opposition to Plaintiffs' Motion for a Preliminary Injunction and Other Relief (DE # 222). Defendants even submitted an affidavit to the same effect. *See* Declaration of Michael Buckley (DE # 216, Ex. 2), at ¶ 9. Thus, Monroe County's position that its interests are not being (and have not been) adequately represented in this action is unavailing.

## IV. Conclusion

Based on the foregoing, it is ORDERED and ADJUDGED that Monroe County's Motion to Intervene for Purposes of Appeal and/or to Participate in Further Proceedings in the District Court and Memorandum of Law in Support (DE # 239) is DENIED.